his contract, until a tender of the money was made a short time before this bill was filed. But the complainant, shortly after the purchase, entered into the possession of the property, and made permanent and lasting improvements upon it. The improvements have cost more than four times the value of the lots, and they were made with the knowledge of the defendant, and with his presumed acquiescence. The complainant averred a readiness to pay, which the answer denied.

If this case stood upon the contract alone, we should have no hesitancy in dismissing the bill. Where time is not made the essence of the contract, the purchaser is bound to pay the consideration in a reasonable time. That time may vary according to circumstances, and not unfrequently an excuse may be deemed sufficient for the delay. But where change in the value of the property occurs, and there has been unnecessary delay, chancery will not aid the purchaser. Some of the courts, in late decisions, have shown a disposition to require more promptness in the purchaser, than has, heretofore, been required. Where the relative positions of the parties, in regard to the property, remain unchanged, and there are no circumstances of hardship, the interest on the money is often deemed a compensation for the delay of payment. And this is especially the case where the purchaser is in possession of the property, and has expended large sums in improving it.

In the case under consideration, the improvements made by the complainant are permanent, and of great value; and the fact of delay is the only objection made to a specific execution of the contract. The improvements could not have been made without the knowledge of the defendant. The complainant was not formally put into possession by the defendant, but there was an acquiescence in his possession, and in the expenditures on the property. Under the circumstances, we feel bound to give effect to the contract, but in doing so, we will require the complainant to pay interest on the sum due, up to the time of making the payments, and the court will require this to be done in sixty days.

[See Case No. 9,255.]

---

## Case No. 9,257.

### MASON v. WILSON.

[Cited in Smith v. Bank of Columbia, Case No. 13,011. Nowhere reported; opinion not now accessible.]

---

MASON & HAMMOND ORGAN CO. (HAMMOND v.). See Case No. 6,004.

MASON LUMBER CO. (BUCHTEL v.). See Case No. 2,077.

## Case No. 9,258.

### The MASSACHUSETTS.

[10 Ben. 177.] [1]

District Court, E. D. New York. Nov., 1878.

DAMAGE—EXCESSIVE SPEED IN NARROW CHANNEL—COSTS.

1. The M., a large passenger steamboat, passed through the channel between Blackwell's Island and New York City with excessive speed, being behind time. A canal-boat loaded with coal was lying then at a well-known and frequented place for discharging such vessels. The swell thrown by the M. rolled upon the canal-boat and sank her at once, the captain and his wife jumping into the river to save their lives. Thirty days afterwards the owner of the cargo of coal gave notice to the owners of the M. of a claim for damages and thereafter filed a libel to recover against the steamer: Held, That the canal-boat was properly laden and made fast, and that, though such boats as the M. pass the place daily, no other such accident was shown to have occurred and that the case was not therefore one of inevitable accident.

2. The M. was not in fault in going through that channel, or in going too near the canal-boat, but was in fault in running with excessive speed and the loss was due to such fault and the steamboat was liable therefor.

[Cited in The Rhode Island, 24 Fed. 295.]

3. The court, to mark its disapprobation of the delay in giving notice of the claim to the M., refused to give costs to the libellant.

In admiralty.

Treadwell Cleveland, for libellant.

Wm. P. Dixon, for claimants.

BENEDICT, District Judge. This action is brought by the owner of a cargo of coal laden on board the canal-boat Dr. J. N. Huntley, to recover the damages arising from the sinking of that canal-boat and her cargo on the morning of the 9th of June, 1877.

It appears that this coal was laden on board the canal-boat at Port Johnson, and safely transported therein to the bulk-head at the foot of East 61st St., New York. The boat arrived at the bulk-head on the evening of June 8th, and was made fast outside of a schooner then lying alongside the bulk-head. At about 9 o'clock the next morning the steam-boat Massachusetts, one of the large passenger boats, engaged in making daily trips through the Sound, passed between the place where the canal-boat lay and Blackwell's Island, and in so doing raised a swell that broke over the canal-boat and sank her, causing the damage sued for.

The libel charges among other faults that the accident arose from the negligence of those navigating the Massachusetts in passing the canal-boat at an improper and unlawful rate of speed. The answer denies the negligence charged and avers that the accident arose from negligence on the part of those in charge of the canal-boat in that she was not properly secured at the bulk-head,

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]